```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ALEJANDRO RAMIREZ et al.,
individually and on behalf of all
others similarly-situated,                    MEMORANDUM & ORDER
                                              22-CV-1086 (EK)(CLP)
                Plaintiffs,


           -against-

E.N. HOME IMPROVEMENT INC. et al.,

                Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        The named plaintiffs in this case bring claims under the Fair Labor Standards Act and New York Labor Law against two corporations and two individuals that they allege were their joint employers.  One of the individual defendants — Andre Fernandes — has moved to dismiss for insufficient service of process.

        "[T]he plaintiff bears the burden of proving adequate service."  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).  "A plaintiff may carry this burden by submitting a process server's affidavit that establishes a rebuttable presumption of proper service."  *Corrado v. N.Y. Unified Ct. Sys.*, 163 F. Supp. 3d 1, 13-14 (E.D.N.Y. 2016), *aff'd sub nom. Corrado v. N.Y. State Unified Ct. Sys.*, 698 F. App'x 36 (2d Cir. 2017).

Plaintiffs argue service was proper under New York Civil Practice Law & Rules § 308(4).  Section 308(4) mandates that the process server "affix[] the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served." N.Y. C.P.L.R. § 308(4) (McKinney 2025).[1]  In the case of multiunit residences, service is generally proper only if the summons is affixed to the defendant's actual unit.  *See, e.g.*, *Ariowitsch v. Johnson*, 498 N.Y.S.2d 891, 893 (App. Div. 3d Dep't 1986); *State v. Walker*, 205 N.Y.S.3d 816, 817 (App. Div. 4th Dep't 2024); *see also Fed. Home Loan Mortg. Corp. v. 666 St. Nicholas Assocs.*, No. 94-CV-4537, 1995 WL 628998, at *3 (S.D.N.Y. Oct. 25, 1995) ("In cases of [multiunit] residences, a process server must ordinarily deliver the summons and complaint to the defendant's own apartment.").

In response, defendant Fernandes argues — and public documents indicate — that 45 Church Street is a multiunit residence.  A Google Street View image indicates the residence has two front doors, side-by-side and centered.  *See* Google Street View, 45 Church St., Tarrytown, New York.[2]  The town's

---

[1] Section 308(4) also requires a specific form of mailing that is not at issue here.  N.Y. C.P.L.R. § 308(4).

[2] Accessible at https://maps.app.goo.gl/9KpCdzS93m8KzYHw9 (last accessed July 14, 2025).  Courts regularly take judicial notice of images on Google Street View.  *See, e.g.*, *S. Nassau Bldg. Corp. v. Town Bd. of Town of Hempstead*, 624 F. Supp. 3d 261, 268 (E.D.N.Y. 2022); *Johnson v. Torres Enters. LP*, No. 18-CV-02929, 2019 WL 285198, at *3 (N.D. Cal. Jan. 22, 2019).

2022 tax roll also describes the residence as a "Two Family Year-Round Residence." Town of Greenburgh, 2022 Town Final Roll 2294.[3]

The process server's affidavit of service indicates that he affixed a summons to "45 Church Street." ECF No. 29. However, the affidavit includes no information regarding on which door he affixed the summons, nor, indeed, any acknowledgement that the address is a multifamily dwelling. *Id.* Accordingly, the affidavit cannot establish that service was sufficient.[4] Moreover, even if the process server complied with Section 308(4), service was also untimely. The process server indicates that he purported to serve Fernandes on August 30, 2022, *id.*, more than two months beyond Rule 4(m)'s ninety-day time limit.

---

The Second Circuit has also relied on Google Maps, though not on Street View. *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 n.8 (2d Cir. 2022).

[3] Accessible at https://www.greenburghny.com/DocumentCenter/View/9741/2022-Final-Assessment-Roll (last accessed July 14, 2025). "The Court may take judicial notice of online municipal property records." *Found. Cap. Res., Inc. v. Prayer Tabernacle Church of Love, Inc.*, 17-CV-135, 2021 WL 4055305, at *15 (D. Conn. Sept. 2, 2021), *report and recommendation adopted,* 2022 WL 280223 (D. Conn. Jan. 31, 2022).

[4] Plaintiffs largely ignore Fernandes' contention that he lives in a multiunit residence. They instead argue that service was proper under Section 308(2). But such service must be delivered to a "person of suitable age and discretion," N.Y. C.P.L.R. § 308(2) (McKinney 2025), and no such delivery occurred here. Plaintiffs point to March 2022, when they served ASF Construction & Excavation Corp., the corporate defendant in this case owned by Fernandes. *See* Affidavit of Service, ECF No. 12-1. However, even if this satisfied the delivery prong of Section 308(2), the statute also requires a mailing within twenty days. N.Y. C.P.L.R. § 308(2) (McKinney 2025). The record reflects no such mailing.

3

The Court will afford plaintiffs an additional sixty days to effectuate service. Courts have discretion to extend the time to effectuate service, even in the absence of good cause. *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).

Fernandes' motion to dismiss for insufficient service of process is denied without prejudice. The Court notes that it has not considered, and expresses no view as to, the merits of any motion under Rule 12 — including with respect to any applicable statute of limitations, notwithstanding that service was *both* late and faulty — at this time. Plaintiffs are directed to effect service on Fernandes within sixty days of this order and to file proof thereof on the docket. Within seven days of that filing, Fernandes should indicate whether he continues to contest the adequacy of service, and if so, on what basis.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   July 14, 2025
         Brooklyn, New York

4