UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

ALEJANDRO RAMIREZ et al.,
individually and on behalf of all
others similarly-situated,                    **MEMORANDUM & ORDER**
                                              22-CV-1086 (EK)(PCG)
                    Plaintiffs,


          -against-

E.N. HOME IMPROVEMENT INC. et al.,

                    Defendants.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

          The named plaintiffs in this case are construction
workers.  They bring claims under the Fair Labor Standards Act
and New York Labor Law against two corporations and two
individuals they allege functioned collectively as their "joint
employers."  Plaintiffs allege that the defendants failed to pay
them for all hours worked and for overtime, and also failed to
provide them with required wage statements and notices.

          Two defendants — ASF Construction & Excavation Corp.
and Andre Fernandes — have moved to dismiss for failure to state
a claim.  They argue that the complaint does not plausibly
allege that they functioned as the plaintiffs' "employers"
(joint or otherwise) within the meaning of the operative
statutes.  Because the complaint's allegations on this score are
conclusory and do not distinguish among the defendants, this

motion is granted; plaintiffs are, however, granted leave to amend.  Plaintiffs are also directed to show cause why their wage notice and wage statement claims should not be dismissed for lack of Article III standing.

## Background

The following facts are drawn from the amended complaint and are presumed true for purposes of this action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Defendants E.N. Home Improvement Inc. ("E.N. Home") and ASF Construction & Excavation Corp. ("ASF") are construction companies based in New York.  Am. Compl. ("Compl.") ¶¶ 15-16, ECF No. 41.[1]  Defendant Andre Fernandes owns ASF.  *Id.* ¶ 42.  He oversees daily operations at ASF, determines how its employees are paid, and establishes "work schedules" and "hours of work." *Id.* ¶¶ 44, 49, 54.  Defendant Carlos Arevalo owns E.N. Home. *Id.* ¶ 29.  Arevalo, too, oversees that company's daily operations, determines how its employees are paid, and establishes "work schedules" and "hours of work."  *Id.* ¶¶ 31, 36, 37.  E.N. Home "would issue corporate checks to pay" ASF workers.  *Id.* ¶ 21.  Arevalo signed these checks, which "often" bounced.  *Id.* ¶ 97.

---

[1] The complaint does not actually allege that the two companies are construction companies.  The Court draws this inference based on their names, references to "jobsites," and other context.  Compl. ¶ 22.

All plaintiffs allege that they were employed by all four defendants.  Each plaintiff alleges different dates of employment, ranging from May 2018 to March 2022. *Id.* ¶¶ 56, 64, 72, 80, 87.  All plaintiffs allege that they regularly worked more than forty hours per week and were not paid for that time. *Id.* ¶¶ 61, 63, 69-71, 76, 79, 84, 86, 91, 93.  Defendants also did not provide plaintiffs with wage statements upon each payment of wages, nor a written notice in English and Spanish (the plaintiffs' primary language) of their applicable rate of pay and regular pay day.  *Id.* ¶¶ 131, 134.

Notably absent from the complaint are several facts. These include any allegation about what work each company did, either generally or in the context of specific projects.  Though plaintiffs allege Fernandes' relationship with ASF, and Arevalo's relationship with E.N. Home, they do not describe the relationship between the two *sets* of defendants with any non-conclusory factual content.

Plaintiffs bring claims for unpaid wages and overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  They also bring wage statement and wage notice claims under the NYLL.

ASF and Fernandes moved to dismiss for failure to state a claim, and Fernandes moved to dismiss for insufficient service of process.  ECF No. 43.  Though service was neither

3

timely nor proper, the Court denied Fernandes' motion and granted plaintiffs an additional sixty days to serve him.  Mem. & Order, ECF No. 66.  Plaintiffs have since served Fernandes, ECF No. 68,[2] and he no longer contests the adequacy of service, ECF No. 71.

## Discussion

**A.   Legal Standard**

To overcome a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013).[3]  The Court need not credit "conclusory allegations or legal conclusions masquerading as factual conclusions." *Smith v. Loc. 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).

---

[2] In response to the Court's order, plaintiffs filed two affidavits of service.  Inexplicably, the first contained the very same flaw the Court described in its prior order: the process server did not note on which door of Fernandes' multi-unit building he affixed the summons.  *See* ECF No. 67.

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

**B.    Plaintiffs Have Not Plausibly Pled that ASF and Fernandes Were Their Employers**

To assert an FLSA claim, a plaintiff must plausibly allege that "(1) the defendant is an employer subject to the FLSA; (2) the plaintiff is an employee within the meaning of the FLSA; and (3) the employment relationship is not exempted from" the statute. *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 366 (E.D.N.Y. 2022). Here, the parties dispute only the second element. The FLSA's definition of "employer" is broad, and reaches both entities and persons. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (a person may be an "employer" under the FLSA). Additionally, a single employee can have multiple employers, each individually and jointly responsible for the FLSA's requirements. *See Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008).

"[T]he determination of whether an employer-employee relationship exists . . . should be grounded in economic reality rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013).[4] The "overarching concern is

---

[4] "Courts applying both the FLSA and the New York Labor Law have concluded that the standards by which a court determines whether an entity is an 'employer' under the FLSA also govern that determination under the NYLL." *Mangahas v. Eight Oranges Inc.*, 754 F. Supp. 3d 468, 492 (S.D.N.Y. 2024) (collecting cases); *see also Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 924 (S.D.N.Y. 2013) ("[T]here appears to have never been a case in which a worker was held to be an employee for purposes of the FLSA but not the NYLL (or vice versa).").

whether the alleged employer possessed the power to control the workers in question." *Herman*, 172 F.3d at 139.

Here, plaintiffs allege that ASF and Fernandes were their joint employers, along with E.N. Home and Arevalo. In assessing putative joint employers, "[t]he Second Circuit has identified two sets of factors relevant to" the economic reality test. *In re Domino's Pizza Inc.*, No. 16-CV-2492, 2018 WL 4757944, at *4 (S.D.N.Y. Sept. 30, 2018). One set of factors "examine[s] the degree of formal control exercised over a worker." *Barfield*, 537 F.3d at 143. Formal control is sufficient, but not necessary. *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71 (2d Cir. 2003). A putative joint employer may have "lacked formal control" but "nevertheless exercised functional control over a worker." *Barfield*, 537 F.3d at 143. Plaintiffs fail to plausibly allege that ASF and Fernandes were their joint employers under either approach.

*Formal Control.* In *Carter v. Dutchess Community College*, the Second Circuit instructed courts to assess whether the putative employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 735 F.2d 8, 12 (2d Cir. 1984). Here, the complaint fails to *plausibly* allege facts that would satisfy the *Carter* factors. As to ASF,

the complaint alleges that ASF and E.N. Home were "jointly responsible" for "hiring or firing employees," "supervision of Plaintiffs' work," "setting terms and conditions of employment," and "determining Plaintiffs' hours and pay" at jobsites.  Compl. ¶¶ 22-25.  These allegations simply parrot the *Carter* factors, without any supporting factual content.  There are no allegations, for example, regarding how or when ASF and E.N. Home (or their agents) made these decisions, and no specific decisions cited.  Nor are there allegations as to which company interviewed which plaintiff or offered them employment.  This is insufficient, as "boilerplate" allegations that "merely track certain factors of the economic reality test" will not state a claim.  *Collison v. WANDRD, LLC*, 737 F. Supp. 3d 231, 243 (S.D.N.Y. 2024) (collecting cases); *see generally Twombly*, 550 U.S. at 555 ("[L]abels and conclusions and a formulaic recitation of the elements of a cause of action will not do.").

The allegations regarding Fernandes fare no better. The complaint alleges that Fernandes was "responsible for determining [and] establishing . . . [Plaintiffs'] work schedules."  Compl. ¶ 50.  Fernandes was also allegedly "responsible for determining how the employees including Plaintiffs were paid," for determining their "rate of pay," for "distributing the pay," and for maintaining employment records. *Id.* ¶¶ 51-54.  Again, these conclusory allegations lack specific

7

factual content and simply parrot the *Carter* factors.  In *Perez Perez v. Escobar Constr., Inc.*, the Second Circuit held that a complaint plausibly alleged employer status under *Carter*.  No. 23-1240, 2024 WL 3594325, at *3 (2d Cir. July 31, 2024).  There, the complaint contained "specific factual allegations" in support of the *Carter* factors, such as specific promises defendant made to an individual plaintiff regarding his wage increases, as well as that defendant's role in hiring plaintiff's supervisor.  *Id.*  Here, the complaint has no such specific allegations.[5]

Plaintiffs make certain additional — but still generic — allegations against all defendants.  For example, three of the five named plaintiffs indicate that they performed "miscellaneous job duties and tasks . . . for Defendants."  Compl. ¶¶ 73, 81, 88.  But "it is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes."  *Nesbeth v. New York City Mgmt. LLC*, No. 17-CV-8650, 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (complaint may not "lump[] all the defendants together in

---

[5] The complaint does specifically allege that Fernandes distributed pay. But that allegation is in tension, at least, with the complaint's allegation that E.N. Home and Arevalo (not Fernandes) paid plaintiffs.  Compl. ¶ 21; *cf. DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 151–52 (2d Cir. 2014) ("Although factual allegations of a complaint are normally accepted as true on a motion to dismiss, that principle does not apply to general allegations that are contradicted by more specific allegations in the Complaint.").

each claim and provid[e] no factual basis to distinguish their conduct").[6]  Courts regularly reject such "group pleading" when confronted with allegations that "particular defendants constitute employers."  *Ortiz v. Consol. Edison Co. of New York, Inc.*, No. 22-CV-8957, 2024 WL 3086161, at *9 (S.D.N.Y. June 7, 2024), *report and recommendation adopted,* 2024 WL 3105686 (S.D.N.Y. June 24, 2024) (collecting cases); *e.g., Shi Ming Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-802, 2018 WL 1166626, at *9 (S.D.N.Y. Feb. 15, 2018).  Thus, plaintiffs' allegations do not plausibly allege that ASF or Fernandes was their joint employer under *Carter*.

      ***Functional Control.***  Because the *Carter* factors are sufficient, but not necessary, to determine joint-employer status, we proceed to consider whether ASF or Fernandes "nevertheless exercised functional control" over plaintiffs. *Barfield*, 537 F.3d at 143.  Here, the Second Circuit has described a non-exhaustive list of relevant factors, including "(1) whether [the putative joint employer's] premises and equipment were used for the plaintiffs' work; (2) whether the [plaintiffs' employer] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that

---

[6] The other two plaintiffs — Ramirez and Juan De La Rosa — performed such duties and tasks "for the Individual Defendants."  Compl. ¶¶ 57, 65. These allegations feature the same defect.

was integral to [the alleged employer's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [putative joint employer] or [its] agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [putative joint employer]." *Zheng*, 355 F.3d at 72.

The complaint touches on only two of these factors: supervision and use of premises and equipment. The allegations regarding supervision are conclusory and group-pled, and thus cannot meet the *Zheng* enquiry. Regarding shared premises and equipment, the complaint alleges that there were jobsites at which ASF and E.N. Home employees worked, but not whether ASF and E.N. Home employees worked at the same jobsite at the same time, or where these jobsites even were. Compl. ¶¶ 22-25.[7] Finally, the complaint alleges that Fernandes and Arevalo purchased goods, products, and materials for plaintiffs that they used daily while working for both ASF and E.N Home. *Id.* ¶ 28. But again, the complaint does not include allegations regarding whether ASF and E.N Home employees shared these materials. The complaint thus fails to allege joint-employer status under *Zheng*.

---

[7] Adding further confusion, in three consecutive allegations the complaint references a single "job site," multiple "job sites," and the middle ground of "job site(s)." Compl. ¶¶ 22-24.

\*    \*    \*

Courts "routinely dismiss[] complaints that do nothing but recite the *Carter* and *Zheng* factors and claim that an alleged employer satisfies them without offering further detail." *Ortiz*, 2024 WL 3086161, at \*14.  So, for example, allegations that a restaurant manager "determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees" did not provide "the specific factual allegations necessary to satisfy the economic reality test." *Fallon v. 18 Greenwich Ave., LLC*, No. 19-CV-9579, 2021 WL 1105066, at \*4 (S.D.N.Y. Mar. 23, 2021).  The allegations in this case are at least as conclusory as those held insufficient in the cited cases.

## C.    Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Initially, defense counsel indicated that it would seek dismissal only of the claims brought against Fernandes.  *See* Eden Ltr., ECF No. 36.  Though plaintiffs amended their complaint in response, they have not yet had an opportunity to amend this complaint to add further factual allegations about ASF and the relationship among the defendants.  The Court will

11

therefore grant plaintiffs' request for leave to amend.  *See* Pl.'s Resp. 2, ECF No. 48.[8]

### D.    Plaintiffs' Wage Notice and Wage Statement Claims

No defendant has questioned plaintiffs' standing to bring their NYLL wage statement or wage notice claims.  Because the issue implicates its subject-matter jurisdiction, however, the Court has an affirmative obligation to evaluate whether standing exists as to each of plaintiffs' claims. *E.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006).

Numerous courts in the Second Circuit have concluded that employees lacked standing to bring a NYLL wage statement and wage notice claim when they failed to allege any concrete injury traceable to such a violation.  *See Choi v. SD Tools, Inc.*, No. 19-CV-2008, 2024 WL 4989224, at *16 (E.D.N.Y. Dec. 5, 2024) (collecting cases).  "[T]echnical violations of the Labor Law" are not enough; rather, a plaintiff "must allege actual injuries suffered as a result of the alleged wage notice and wage statement violation."  *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024).  Accordingly, plaintiffs will be ordered to show cause why these claims should not be dismissed for lack of subject-matter jurisdiction.

---

[8] Page numbers in citations to the parties' briefs refer to native pagination.

12

## Conclusion

For the reasons set forth above, the motion to dismiss is granted, with leave to amend.  Plaintiffs may file an amended complaint by March 18 addressing the deficiencies identified. Plaintiffs are also ordered to show cause by that date why their NYLL wage notice and wage statement claims should not be dismissed for lack of subject-matter jurisdiction.  Plaintiffs' submission should not exceed three pages.

SO ORDERED.


\_\_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    February 16, 2026
          Brooklyn, New York